**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

| | |
|---|---|
| JIMMY COTTRELL,<br>on Behalf of Himself and All<br>Others Similarly-Situated,<br><br>    *Plaintiff,*<br><br>v.<br><br>TRIPLE J TRUCKING, INC.,<br>TERESA JONES, GRANT JONES and<br>STEVEN JONES,<br><br>    *Defendants.* | **PROPOSED COLLECTIVE ACTION<br>UNDER FLSA AND CLASS ACTION<br>UNDER KWHA**<br><br>CASE NO. 4:23-CV-13-JHM<br><br><br>**JURY DEMANDED** |

**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**

Comes Plaintiff Jimmy Cottrell, by and through counsel, and, for his Collective Action and Class Action Complaint against Defendants Triple J Trucking, Inc., Teresa Jones, Grant Jones and Steven Jones, states as follows:

**Summary of the Action**

1. Garbage is, by definition, something no one wants and is thus, by definition, not a product in "commerce." Here, Defendant Triple J Trucking, Inc. entered into contracts with customers to, for a fee, haul garbage from points in Kentucky to the White Plains Landfill in White Plains, Kentucky. To perform these contracts, Defendant employed Plaintiff and other employees as truck drivers to haul the garbage. The garbage the drivers hauled was generated in Kentucky, picked up by the drivers only at points in Kentucky, hauled exclusively through Kentucky, and dumped at the White Plains Landfill in White Plains, Kentucky, where it was promptly committed to the earth as a permanent part of the landfill, never again to be transported (and certainly never

thereafter to be sold or transported in commerce). The drivers worked overtime in many workweeks but were not paid overtime compensation. Instead, Defendant would pay the drivers at the same rate whether the work was more or less than forty hours in the work week, which violated the Fair Labor Standards Act ("FLSA") and Kentucky Wages and Hours Act ("KWHA"). There is a Motor Carrier's Act exemption to the Fair Labor Standards Act for persons driving in interstate commerce for an interstate carrier certain vehicles weighing more than ten thousand pounds (29 U.S.C. § 213(b)(1)). However, the exemption did not apply[1] to Plaintiff or the other drivers, and they were therefore entitled to overtime pay, because the drivers were not driving in "interstate commerce" as defined under the Motor Carrier's Act. Defendants Teresa Jones, Grant Jones and Steven Jones controlled Defendant Triple J Trucking, Inc. and participated in and caused its nonpayment of overtime, and should therefore be jointly and severally liable with Defendant Triple J Trucking, Inc. for its violations.

2. In addition to violating the overtime laws by not paying overtime compensation at all to nonexempt employees, Defendant also improperly withhold amounts, including overtime wages, from Plaintiff Cottrell's final paycheck based on Defendant's assertion that Plaintiff Cottrell owed a debt to a third party; there was no legal authority for this withholding, which thus constituted conversion and a separate violation of the FLSA and KWHA.

---

1. In alleging details relevant to the (non)applicability of the Motor Carrier's Act exemption to the Fair Labor Standards Act, Plaintiff notes that the burden of proving that the exemption applies (including proving that the employee was performing work in interstate commerce) is on the Defendant Triple J Trucking, Inc. Plaintiff is not required to plead anything relating to an exemption, but does so in this Complaint to address Defendant's false reasoning for not paying overtime to employees. To the extent that Defendant Triple J Trucking, Inc. establishes that Plaintiff and/or similarly-situated employees drove in interstate commerce, but only establishes such facts with respect to particular time periods, Plaintiff and the similarly-situated employees should be awarded overtime compensation for all other time periods.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims of Plaintiff and those similarly situated pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b).

4. This Court has and should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under Kentucky state law (Counts II, IV and V) because they are so related to Plaintiff's claims under the FLSA (Counts I and III) that they form part of the same case or controversy and arise from the same set of operative facts as Plaintiff's claims under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant Triple J Trucking, Inc. conducted business within the District and, from its principal place of business in Muhlenberg County, Kentucky (within the District of this Court), employed Plaintiff and other similarly-situated employees who worked within the District of this Court, and Defendants Teresa Jones, Grant Jones and Steven Jones controlled Defendant Triple J Trucking, Inc. in this District.

## PARTIES

6. During a portion of the three (3) year prior to the filing of this Complaint (and during a portion of the five (5) year period prior to the filing of this Complaint), Plaintiff Jimmy Cottrell was employed by Defendant Triple J Trucking, Inc. as a truck driver performing work that was not exempt from the requirements of the FLSA.

7. Specifically, Plaintiff was employed by Defendant Triple J Trucking for approximately four years, from approximately early 2018 until approximately the end of 2022.

8. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to serving as a Plaintiff in this action, and Plaintiff's consent is attached hereto as Exhibit 1.

9. Defendant Triple J Trucking, Inc. is a Kentucky for-profit corporation and has a principal place of business at 3296 State Route 181 South, Greenville, KY 42345, and may be served by service of process on its registered agent, Teresa Jones, at 3296 State Route 181 South, Greenville, KY 42345.

10. Upon information and belief, Defendants Teresa Jones, Grant Jones and Steven Jones are each a director, part-owner, and managing agent of Defendant Triple J Trucking, Inc.; each exercises operational control over Defendant Triple J Trucking, Inc. and participated in the formulation of the policy of Defendant Triple J Trucking, Inc. to not pay overtime compensation for the overtime work of its truck driver employees, and each caused Defendant Triple J Trucking, Inc. to engage in the violations of the FLSA and KWHA alleged herein.

11. Defendant Triple J Trucking, Inc. is subject to the FLSA's "enterprise coverage," under which all employees of an enterprise engaged in interstate commerce (as defined in the FLSA[2]) are covered by the FLSA, whether or not each individual employee is involved in work in interstate commerce (as defined in the FLSA). 29 U.S.C. § 203 (r), (s).

---

[2] The Fair Labor Standards Act contains different definitions of "interstate commerce" than the Motor Carrier's Act. *See* 29 C.F.R. § 782.7 ("section 13(b)(1) of the Fair Labor Standards Act does not exempt an employee of a carrier from the act's overtime provisions unless it appears, among other things, that his activities as a driver, driver's helper, loader, or mechanic directly affect the safety of operation of motor vehicles in transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act. What constitutes such transportation in interstate or foreign commerce, sufficient to bring such an employee within the regulatory power of the Secretary of Transportation under section 204 of that act, is determined by definitions contained in the Motor Carrier Act itself. These definitions are, however, not identical with the definitions in the Fair Labor Standards Act which determine whether an employee is within the general coverage of the wage and hours provisions as an employee "engaged in (interstate or foreign) commerce." For this reason, the interstate commerce requirements of the section 13(b)(1) exemption are not necessarily met by establishing that an employee is "engaged in commerce" within the meaning of the Fair Labor Standards Act when performing activities as a driver, driver's helper, loader, or mechanic, where these activities are sufficient in other respects to bring him within the exemption"); *see also* American Bar Association, Section of Labor and Employment, Fair Labor Standards Legislation Committee, Ch. 6.III.A.3.c (i) . ("[t]he definition of 'interstate or foreign commerce' under the MCA is not identical to the definition of 'interstate or foreign commerce' ending under the FLSA…. Consequently, transportation by motor vehicle that is in 'interstate commerce' under the FLSA may not constitute transportation over which the DOL has the power to exercise control and upon which the Section 13(b)(1) exemption is based").

12. Defendant Triple J Trucking, Inc.'s annual sales have, at all times relevant to this Complaint, exceeded $500,000.00.

13. At all times relevant to this Complaint, Defendant Triple J Trucking, Inc. has had at least two employees.

14. While the freight moved in trucks by Plaintiff and the other similarly-situated truck driver employees of Defendant Triple J Trucking, Inc. does not move in "interstate commerce" as that term is defined in the Motor Carrier's Act, Defendant Triple J Trucking, Inc. has, at all times relevant, employed two or more employees who, as part of their work, handle or otherwise work on goods or materials that have been moved in interstate commerce.

15. Specifically, Plaintiff and the similarly-situated employees handle, as part of their work, fuel for the trucks that has moved in interstate commerce

16. Further, upon information and belief, Plaintiff and the similarly situated employees drove (in Kentucky) trucks that were built in other states of the United States.

17. Defendant Triple J Trucking, Inc. is an enterprise engaged in commerce or in the production of goods for commerce, as defined in 29 U.S.C. § 203.

**Factual Allegations**

18. The exemption of an employee from the hours provisions of the Fair Labor Standards Act under the Motor Carrier's Act exemption depends both on the class to which his or her employer belongs and on the class of work involved in the employee's job.

19. The class of work performed by Plaintiff and the similarly-situated employees did not support the application of the exemption; Plaintiff and the similarly-situated employees drove trucks, but drove them solely in Kentucky and did not drive them in interstate commerce as defined in the Motor Carrier's Act.

20. Specifically, Plaintiff and Defendant Triple J Trucking, Inc.'s other drivers assigned to haul garbage and other forms of waste (such as wastewater treatment plant byproducts) hauled only garbage and other waste, and hauled it only in Kentucky; they reasonably expected that they would never be called upon (and in fact were never called upon) to drive truck loads or otherwise perform work involving interstate commerce (as defined in the Motor Carrier's Act).

21. Instead, Plaintiff and the other drivers would always drive garbage or other waste from one location in Kentucky solely through Kentucky to a landfill in Kentucky, where it would then be buried.

22. The garbage and other waste Plaintiff and the other drivers transported was generated in Kentucky.

23. The garbage and other waste Plaintiff and the other drivers transported was collected to certain points to be picked up by the drivers; these points were all in Kentucky.

24. The garbage and other waste was all taken by the drivers to the White Plains Landfill in White Plains, Kentucky.

25. The routes between the collection points in Kentucky and the White Plains Landfill in White Plains, Kentucky all ran exclusively through Kentucky; Plaintiff and the other drivers never drove any of the loads of garbage or waste outside of Kentucky.

26. Once dropped off at the White Plains Landfill, the garbage or waste was never transported elsewhere by others; instead, the workers at the White Plains Landfill buried the garbage/waste in the landfill, where all involved (including Defendant, Defendant's customer(s) with respect to the garbage/waste, the truck drivers, and the landfill employees) expected it to remain permanently.

27. Upon information and belief, like Plaintiff, all of the other truck driver employees of Defendant Triple J Trucking, Inc. who drove garbage and other waste performed exclusively work that did not involve driving loads in interstate commerce (as defined in the Motor Carrier's Act), but were improperly classified by Defendant Triple J Trucking, Inc. as exempt and not paid overtime compensation.

28. Instead, Defendant Triple J Trucking, Inc. paid Plaintiff and the other garbage/waste truck driver employees a certain amount per load delivered.

29. Plaintiff worked more than forty hours in many workweeks in the three years preceding the filing of this Complaint.

30. Defendant Triple J Trucking, Inc.'s other drivers also worked more than forty hours in most workweeks; the similarly-situated drivers each worked more than forty hours in at least one workweek for which wages (but not overtime wages) were paid in the last three years.

31. Defendant Triple J Trucking, Inc. did not pay Plaintiff and its other garbage/waste truck driver employees a higher per-load rate for deliveries performed during times when Plaintiff was working in excess of forty hours in a particular workweek.

32. Defendant Triple J Trucking, Inc. also did not pay Plaintiff and its other garbage/waste truck driver employees any other form of overtime compensation for work performed in excess of forty hours in a particular workweek.

33. To the contrary, when Plaintiff would work more than forty hours in a workweek, which he and Defendant Triple J Trucking, Inc.'s other garbage/waste truck drivers employees frequently did, he would continue to be paid at the same per-load rate for work beyond forty hours in the workweek as he had been paid for work during the first forty hours in the workweek.

34.     Defendants' violations of the FLSA and KWHA were willful; Defendants knew that the garbage/waste being transported was not in interstate commerce, but falsely asserted that the MCA exemption to the FLSA applied.

35.     In this regard, notably, the individual Defendants are each also owners and managers of Ray Jones Trucking, Inc.

36.     Ray Jones Trucking, Inc. and the individual Defendants were sued in January, 2022 in this Court for improperly failing to pay overtime to Ray Jones Trucking, Inc. driver employees who were driving only in Kentucky; the plaintiffs in that litigation asserted that the MCA exemption did not apply to loads transported only in Kentucky.

37.     Upon information and belief, Defendants, after the individual Defendants were sued in the Ray Jones Trucking, Inc. matter, Defendants considered whether or not they should continue to not pay overtime compensation to the garbage/waste truck drivers, and decided to continue to not pay overtime compensation to Plaintiff and the other garbage/waste truck driver employees of Defendant Triple J Trucking, Inc..

## PROPOSED COLLECTIVE AND CLASS DEFINITIONS

38.     Plaintiff brings Count I of this lawsuit pursuant to FLSA, 29 U.S.C. § 216(b) as a collective action, individually, and on behalf of himself and the following class:

> All current and former truck driver employees of Triple J Trucking, Inc. who exclusively transported garbage and/or other waste from points in Kentucky exclusively through Kentucky to destinations in Kentucky (including the White Plains, Kentucky landfill) and were not paid at an overtime rate of pay for such employee's work in excess of forty hours in one or more workweeks since January 23, 2020, despite the employee qualifying for overtime compensation (the "FLSA Collective").

39.     Plaintiff brings Counts II of this lawsuit as a class action pursuant to Fed. R. Civ. P. 23, individually, and on behalf of himself and the following class:

> All current and former truck driver employees of Triple J Trucking, Inc. who exclusively transported garbage and/or other waste from points in Kentucky exclusively through Kentucky to destinations in Kentucky (including the White Plains, Kentucky landfill) and were not paid at an overtime rate of pay for such employee's work in excess of forty hours in one or more workweeks since January 23, 2018, despite the employee qualifying for overtime compensation (the "Kentucky Class").

40. The FLSA Collective and the Kentucky Class are together referred to as the "Classes."

41. Plaintiff reserves the right to redefine the Classes prior to notice, and thereafter, as necessary.

42. Counts III, IV and V are brought only on behalf of Plaintiff Cottrell individually, and not on behalf of the Classes.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

43. Plaintiff brings this action under the FLSA on behalf of himself and all similarly-situated current and former employees of Defendant Triple J Trucking, Inc. who worked for Defendant Triple J Trucking, Inc. and were not fully-paid for their overtime work which Defendant Triple J Trucking, Inc. should have paid within the last three years, as defined in paragraph 38.

44. Plaintiff desires to pursue an FLSA claim as a collective action representative on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

45. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant Triple J Trucking, Inc.'s previously described common pay practices (of not paying overtime rates of pay to truck drivers, even if they qualified for overtime pay) and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, inter alia,

Defendant Triple J Trucking, Inc.'s common compensation, time-keeping and payroll practices.

46. Specifically, the employment policies, practices and agreements of Defendant Triple J Trucking, Inc. raise questions of fact common to the proposed collective group including:

   a. whether Defendant Triple J Trucking, Inc. has engaged in a pattern or practice of permitting or requiring Plaintiff and members of the proposed collective to work in excess of forty hours per workweek for the benefit of Defendant Triple J Trucking, Inc. and without appropriate compensation, in violation of the FLSA;

   b. whether Defendant Triple J Trucking, Inc. has engaged in a pattern or practice of failing to keep accurate records showing all hours worked by Plaintiff and members of the proposed collective, in violation of the FLSA;

   c. whether the members of the proposed collective were operating in interstate commerce;

   d. whether Defendants Teresa Jones, Grant Jones and Steven Jones exercised such operational control of Defendant Triple J Trucking, Inc. and/or were involved in causing Defendant Triple J Trucking, Inc.'s violations of the FLSA that they should also be found liable for the violations;

   e. whether the conduct of Defendants was willful; and

   f. whether Plaintiff and members of the proposed collective group are entitled to lost wages, liquidated damages and the other relief requested.

47. Plaintiff's claims are similar to those of the FLSA Collective in that Plaintiff has been subject to the same conduct as FLSA Collective Members and Plaintiff's claims are based on the same legal theory as FLSA Collective Members.

48. The similarly situated employees are known to Defendant Triple J Trucking, Inc. and are readily identifiable and may be located through Defendant Triple J Trucking, Inc.'s business records and the records of any payroll companies Defendant Triple J Trucking, Inc. uses.

49. Plaintiff's FLSA claims are maintainable as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

50. The similarly situated employees may be readily notified of the instant litigation through direct means, such U.S. mail and/or other appropriate means, and should be allowed to

opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

### CLASS ACTION ALLEGATIONS PURSUANT TO FED. R. CIV. P. 23 FOR DEFENDANTS' VIOLATIONS OF THE KWHA

51. Plaintiff brings this action under the KWHA on behalf of himself and all similarly-situated current and former employees of Defendant Triple J Trucking, Inc. who worked for Defendant Triple J Trucking, Inc. and were not fully-paid for their overtime work which Defendant Triple J Trucking, Inc. should have paid within the last five years, as defined in paragraph 39.

52. Plaintiff is a member of the class he seeks to represent.

53. Defendant Triple J Trucking, Inc. failed to pay Plaintiff and the members of the class he seeks to represent wages for work performed, as described herein, in violation of the KWHA.

54. Under the KWHA, employers are required to pay overtime compensation to non-exempt employees for overtime work performed by such employees.

55. As Plaintiff and the similarly-situated employees were non-exempt, Defendant Triple J Trucking, Inc.'s refusal to pay Plaintiff and Class Members overtime compensation for overtime hours worked violated the KWHA.

56. Upon information and belief, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

57. All members of the Rule 23 Class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 Class share common questions, including those set forth in Paragraph 46 above.

58. Plaintiff's claims are typical of the claims of the Rule 23 Class, thus satisfying Fed. R. Civ. P. 23(a)(3) typicality. Defendant Triple J Trucking, Inc.'s failure to pay Plaintiff overtime compensation was not the result of any circumstances specific to the Plaintiff. Rather, it arose from Defendant Triple J Trucking, Inc.'s common pay policies of not paying overtime pay, which Defendant Triple J Trucking, Inc. applied generally to their members of the Rule 23 Class, despite the fact that Plaintiff and the similarly-situated employees were non-exempt and entitled to overtime pay.

59. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class.

60. Plaintiff has retained competent counsel experienced in representing classes of employees in lawsuits against their employers alleging failure to pay statutorily required overtime compensation, thus satisfying Fed. R. Civ. P. 23(a)(4).

61. By failing to pay Plaintiff and Class Members for all hours worked, and failing to pay employees the full amount of overtime compensation earned, Defendants have created the circumstance under which questions of law and fact common to the Rule 23 Class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff should be permitted to pursue the claims alleged herein as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## COUNT I

### VIOLATION OF FLSA
### NONPAYMENT OF OVERTIME COMPENSATION

62. Plaintiff incorporates by reference all preceding paragraphs as if the same were set forth again fully at this point.

63. Defendants are subject to the wage requirements of the FLSA because Defendant Triple J Trucking, Inc. is an "employer" under 29 U.S.C. § 203(d) and Defendants Teresa Jones, Grant Jones and Steven Jones are individually liable as joint employers and controlling persons of Defendant Triple J Trucking, Inc..

64. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

65. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. See 29 U.S.C. § 207(a)(1).

66. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

67. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

68. Defendant Triple J Trucking, Inc. knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.112.

69. Indeed, Defendant Triple J Trucking, Inc. made no effort to pay overtime compensation at all to Plaintiff and the FLSA Collective, paying them on the same basis (including per-load basis) for work performed beyond forty hours per week as it paid them for work performed in the first forty hours of the workweek.

70. Defendant Triple J Trucking, Inc. has willfully violated the FLSA by engaging in a pattern or practice (or patterns or practices) of:

   a. failing to keep accurate records showing all the time it permitted and/or required Plaintiff and members of the proposed collective to work, from the first compensable act to the last compensable act;

   b. permitting and/or requiring Plaintiff and FLSA Collective to perform integral and indispensable activities (*i.e.*, work) in excess of forty hours in a work week, for the benefit of Defendant Triple J Trucking, Inc. and without compensation at the applicable federal overtime rates; and

   c. failing to pay employees overtime compensation earned.

71. Pursuant to 29 U.S.C. § 216(b), employers, such as Defendant Triple J Trucking, Inc., who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## COUNT II

### VIOLATION OF KY. REV. STAT. ANN. §§ 337.275, *ET SEQ*. BY NONPAYMENT OF WAGES.

72. All previous paragraphs are incorporated as though fully set forth herein.

73. Plaintiff bring this claim on behalf of all members of the proposed Rule 23 Class.

74. Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. *See* KY. REV. STAT. ANN. §§ 337.275, *et seq*.

75. KY. REV. STAT. ANN. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over forty in one workweek. *See also* 803 Ky. Admin. Regs. 1:060.

76. During all times material to this complaint, Defendant was a covered employer required to comply with KY. REV. STAT. ANN. § 337.010(1)(d).

77. During all times material to this complaint Plaintiff and the Rule 23 Class were covered employees entitled to the protections of the KWHA. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

78. Plaintiff and Class Members are not exempt from receiving the KWHA's overtime benefits because they do not fall within any of the exemptions set forth therein. *See* KY. REV. STAT. ANN. § 337.285(2).

79. Defendant has violated the KWHA with respect to Plaintiff and the Rule 23 Class by, *inter alia*, failing to compensate them for all hours worked in excess of forty per workweek at one and one-half their "regular rate" of pay.

80. In violating the KWHA, Defendant acted willfully and with reckless disregard of clearly applicable provisions of the KWHA.

81. Pursuant to KY. REV. STAT. ANN. § 337.385, Defendant, because it failed to pay employees the required amount of wages and overtime at the statutory rate, must reimburse the employees not only for the unpaid wages, but also for liquidated damages in an amount equal to the amount of unpaid wages.

82. Pursuant to KY. REV. STAT. ANN. § 337.385, Plaintiff and Class Members are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid wages.

**COUNTS III, IV and V – VIOLATION OF FLSA, KWHA AND CONVERSION – IMPROPER DEDUCTION FROM PLAINTIFF COTTRELL'S FINAL PAYCHECK**

83. During a telephone call between Plaintiff and Defendant Grant Jones, Plaintiff Cottrell informed Defendant Grant Jones that Plaintiff had found a new job and would therefore not continue to work for Defendant Triple J Trucking, Inc..

84. Defendant Grant Jones responded by calling Plaintiff Cottrell a "mother fucker" and hanging up on Plaintiff Cottrell.

85. The ordinary pay day for Plaintiff's final paycheck was January 20, 2023.

86. Defendant Triple J Trucking, Inc. asserted that Plaintiff Cottrell owed an alleged debt[3] to Four Seasons Outdoor Power Equipment & Repair.

87. Upon information and belief, Four Seasons Outdoor Power Equipment & Repair is a business in Greenville, Kentucky which sells chainsaws, lawnmowers, and similar products.

88. Upon information and belief, Four Seasons Outdoor Power Equipment & Repair is owned or operated by one or more of the individual Defendants, or by an entity owned by one or more of the individual Defendants.

89. Upon information and belief, Four Seasons Outdoor Power Equipment & Repair is not owned or operated by Defendant Triple J Trucking, Inc., and the alleged debt of Plaintiff Cottrell to Four Seasons Outdoor Power Equipment & Repair was not a debt to Defendant Triple J Trucking, Inc.

90. Upon information and belief, Plaintiff Cottrell's alleged debt to Four Seasons Outdoor Power Equipment & Repair was not at any time transferred to Defendant Triple J Trucking, Inc.

91. The alleged debt of Plaintiff Cottrell to Four Seasons Outdoor Power Equipment & Repair had never been the subject of any litigation, and there was no judgment or other legal adjudication relating to the alleged debt.

---

[3] This debt is described as an alleged debt in this Complaint because, for purposes of this Complaint, it does not matter whether or not the debt was in fact owed by Plaintiff Cottrell or not. Defendant did not have any right to withhold from Plaintiff Cottrell's final paycheck for the debt, even if it was owed by Plaintiff Cottrell. Plaintiff therefore simply describes the debt in this Complaint as an "alleged debt", and does not by doing so intend to make a statement that Plaintiff Cottrell does or does not owe the debt.

92. Plaintiff never authorized Defendant Triple J Trucking, Inc. to withhold any amount from Plaintiff's final paycheck relating to the alleged debt to Four Seasons Outdoor Power Equipment & Repair.

93. Plaintiff never authorized Defendant Triple J Trucking, Inc. in writing to withhold any amount from Plaintiff's final paycheck relating to the alleged debt to Four Seasons Outdoor Power Equipment & Repair.

94. There was no other legal authority authorizing Defendant Triple J Trucking to withhold amounts from Plaintiff's final paycheck to attempt to collect Plaintiff Cottrell's alleged debt to Four Seasons Outdoor Power Equipment & Repair.

95. Defendant Triple J Trucking, Inc. did not ask Plaintiff whether it could withhold amounts from Plaintiff's final paycheck to attempt to collect the alleged debt to Four Seasons Outdoor Power Equipment & Repair.

96. Instead, Defendant Triple J Trucking, Inc., on its own initiative, simply withheld the vast majority of Plaintiff's final paycheck, stating that it was doing so because of the alleged debt to Four Seasons Outdoor Power Equipment & Repair.

97. Upon information and belief, in addition to not paying overtime premium compensation (as discussed in Count II above), with respect to Plaintiff Cottrell's final paycheck, a portion of the withheld funds were for Defendant's customary per-load payment of work in excess of forty hours in the workweek; thus, Plaintiff Cottrell not only did not receive overtime compensation for that work (like the other work that is the subject of Counts I and II), he did not receive compensation at all for that overtime work.

98. Defendant Triple J Trucking, Inc.'s failure to pay Plaintiff Cottrell's final paycheck thus constituted a violation of the Fair Labor Standards Act.

99. Defendant Triple J Trucking, Inc.'s failure to pay Plaintiff Cottrell's final paycheck also constituted a violation of the Kentucky Wages and Hours Act.

100. Upon information and belief, Defendant Triple J Trucking, Inc. transferred or otherwise paid the funds it had withheld from Plaintiff Cottrell's final paycheck to one or more persons other than Triple J Trucking, Inc. under the theory of Defendant Triple J Trucking, Inc. that it was, by withholding Plaintiff Cottrell's funds, forcing Plaintiff Cottrell to pay his alleged debt to Four Seasons Outdoor Power Equipment & Repair.

101. Defendant Triple J Trucking, Inc.'s withholding of funds from Plaintiff Cottrell's final paycheck and/or its transmission of those funds to third persons constituted conversion of Plaintiff Cottrell's funds.

102. Plaintiff Cottrell did not intend to pay the alleged debt to Four Seasons Outdoor Power Equipment & Repair from his final paycheck from Defendant Triple J Trucking, Inc., but instead intended to use the funds from his final paycheck from Defendant Triple J Trucking, Inc. for other purposes.

103. Defendant's improper withholding of funds from Plaintiff Cottrell's final paycheck caused him damages, including financial difficulties.

104. Defendant Triple J Trucking, Inc.'s decision to improperly withhold funds from Plaintiff Cottrell's final paycheck was intentional and/or malicious, and the Court should award punitive damages to prevent Defendant Triple J Trucking, Inc. and other similarly-situated employers from engaging in similar improper conduct.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays that the Court:

A. Issue process and bring Defendants before the Court;

B. Authorize notice to issue to members of the proposed collective action and permitting similarly-situated persons a reasonable opportunity to join this litigation with respect to claims under the FLSA under Count I;

C. Certify a class of similarly-situated employees whose rights were violated by Defendants under Kentucky law, and grant relief available under Kentucky law under Count II, including unpaid wages, liquidated damages, and attorney's fees and other litigation expenses, to the class;

D. Empanel a jury for the trial of all issues of fact;

E. Enter a judgment awarding Plaintiff and the Classes damages in the amount of the unpaid overtime compensation, plus liquidated damages in a like amount, in amounts to be proven at trial;

F. Award Plaintiff and similarly-situated persons joining this litigation all costs of litigation, including expert fees and attorneys' fees;

G. Enter a judgment awarding Plaintiff Cottrell damages under Counts III, IV and V in the amount of the unpaid wages, plus liquidated damages in a like amount, plus punitive damages, all in amounts to be proven at trial;

H. Award Plaintiff Cottrell all costs of litigation, including expert fees and attorneys' fees, relating to Counts III and IV;

I. Grant Plaintiff and similarly-situated persons joining this litigation all costs of litigation and such other further and/or general, legal and/or equitable relief to which they are entitled or which the Court otherwise deems appropriate.

Respectfully submitted,

/s/ Mark N. Foster
Mark N. Foster
Law Office of Mark N. Foster, PLLC
P.O. Box 869
Madisonville, KY 42431
(270) 213-1303
Mfoster@MarkNFoster.com
*Counsel for Plaintiff*