UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:23-CV-00013-JHM

JIMMY COTTRELL                                                                    PLAINTIFF

V.

TRIPLE J TRUCKING, INC., *et al.*                                       DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff Jimmy Cottrell's motion for conditional certification. [DN 13]. In its response to that motion, Defendant Triple J Trucking moved for expedited discovery. [DN 15]. These matters are ripe for decision. For the following reasons, Mr. Cottrell's motion is **GRANTED**, and Triple J's motion is **DENIED**.

## I. BACKGROUND

Plaintiff Jimmy Cottrell ("Mr. Cottrell") was a garbage-truck driver for Defendant Triple J. Trucking, Inc. ("Triple J") for about four years until 2022. [DN 1 at ¶ 7, 20]. During his time at Triple J, Mr. Cottrell drove a garbage-collection route entirely within Kentucky, without ever entering another state. The garbage he collected was generated in Kentucky, picked up in Kentucky, driven through Kentucky, and ultimately dumped at a landfill in White Plains, Kentucky without ever leaving Kentucky. [*Id.* at ¶¶ 21–25]. Mr. Cottrell also alleges that every other Triple J garbage-truck driver drove purely intrastate routes and had no expectation of ever entering another state. [*Id.* at ¶¶ 20, 27; DN 13-3 at ¶ 6, 14]. He further attests that he and the other garbage-truck drivers frequently worked over forty hours per week. [DN 13-3 at ¶¶ 13–14].

Mr. Cottrell submits that all Triple J's current and former garbage-truck drivers, including himself, are entitled to overtime pay for every hour over forty hours a week they worked, and that

Triple J violated the Fair Labor Standards Act ("FLSA") and the Kentucky Wages and Hours Act by not paying them overtime.  [DN 1 at ¶ 1].  He alleges that Triple J did not pay these drivers for their overtime work because it believed they fell under a FLSA exemption for truckers driving in interstate commerce for an interstate carrier in trucks weighing over ten thousand pounds.  [*Id.*]; *see* 29 U.S.C § 213(b)(1); 49 U.S.C. § 31502(b); 49 U.S.C. § 31132(1)(A).  But Mr. Cottrell argues that this exemption does not apply to Triple J's garbage-truck drivers because they drove solely in *intrastate* commerce.  [DN 1 at ¶ 1].  To that end, he sued Triple J and its three directors in this Court on behalf of himself and every current and former Triple J garbage-truck driver.  [DN 1].  He now moves the Court to conditionally certify the suit and notify the other drivers of their right to become plaintiffs in this case.  [DN 13].

## II. STANDARD OF REVIEW

The FLSA permits an employee to bring a collective action on behalf of "similarly situated" employees.  29 U.S.C. § 216(b).  Unlike a Rule 23 class action, however, an FLSA collective action does not provide "opt-out" procedures.  *See Rogers v. Webstaurant, Inc.*, No. 4:18-CV-74-JHM, 2018 WL 4620977, at *1 (W.D. Ky. Sept. 26, 2018) ("A collective action under the FLSA permits similarly situated employees to 'opt-in' to the action, unlike the opt-out approach typically utilized under [Rule] 23.").  Instead, any employee that wishes to join the FLSA collective action must opt into it by filing written consent with the court.  29 U.S.C. § 216(b).

The FLSA provides limited guidance on how to include opt-in plaintiffs.  The statute requires only that opt-in plaintiffs are "similarly situated" to the lead plaintiff.  *Id.*  In lieu of statutory guidance, the Supreme Court acknowledged that district courts possess broad discretion to manage the joinder of opt-in plaintiffs.  *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) ("We hold that district courts have discretion, in appropriate cases, to implement 29 U.S.C.

§ 216(b) . . . by facilitating notice to potential plaintiffs."). A district court may use that discretion to "authorize notification of similarly situated employees to allow them to opt into the lawsuit." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).

Before a court may authorize notice to prospective opt-in plaintiffs, it must "consider whether plaintiffs have shown that the employees to be notified are, in fact, similarly situated." *Comer*, 454 F.3d at 546 (quotation omitted). The "similarly situated" inquiry requires the court to analyze several factors, many of which require discovery. *See O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) (outlining the "similarly situated" factors), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). Thus, there is understandable tension between a plaintiff's desire to notify other potential plaintiffs early in litigation and the fact-intensive nature of the "similarly situated" inquiry.

District courts developed a two-step certification process to alleviate this tension. The first step, which occurs at the start of discovery, requires a plaintiff to make a "modest factual showing" that "his position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47 (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). This step is known as "conditional certification." *White v. Baptist Mem'l Health Care*, 699 F.3d 869, 877 (6th Cir. 2012). It is a "fairly lenient standard, and typically results in conditional certification of a representative class." *Comer*, 454 F.3d at 547 (quotation omitted). The only practical significance of conditional certification is that the plaintiff can notify prospective opt-in plaintiffs. *See Hall v. Gannett Co.*, No. 3:19-CV-296, 2021 WL 231310, at *2 (W.D. Ky. Jan. 22, 2021) ("The point [of conditional certification] is to inform potential members of the collective action at the outset . . . ."). The second step is final certification; it occurs "after all class plaintiffs have decided whether to opt-in and discovery has concluded." *White*, 699 F.3d

at 877.  At this step, courts "examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547.

Neither statute nor court rule requires a district court to use a two-step certification process. Nor is it required by Sixth Circuit precedent—the Sixth Circuit has recognized, but never required, district courts' use of the two-step procedure.  *See White*, 699 F.3d at 877 ("District courts determine whether plaintiffs are similarly situated in a two-step process . . . ."); *Comer*, 454 F.3d at 546–47 (recognizing that the district court applied the two-step process, but never stating it was required).  Yet two-step certification remains common, both within this district and around the nation. *See, e.g., York v. Velox Express, Inc.*, 524 F. Supp. 3d 679, 685 (W.D. Ky. Mar. 10, 2021); *Hall*, 2021 WL 231310, at *2–4; *Marcum v. Lakes Venture, LLC*, No. 3:19-CV-231, 2020 WL 6887930, at *2–3 (W.D. Ky. Nov. 24, 2020); *Jones v. H&J Rest., LLC*, No. 5:19-CV-105, 2020 WL 759901, at *2–3 (W.D. Ky. Feb. 14, 2020); *Johnston v. J&B Mech., LLC*, No. 4:17-CV-51-JHM, 2017 WL 3841654, at *2–3 (W.D. Ky. Sept. 1, 2017).

### III. DISCUSSION

#### A.  Expedited Discovery

While two-step certification is the most common method for notifying the collective in FLSA actions, Triple J prefers a single-step approach.  It asks the Court for a ninety-day period to conduct limited discovery on the issue of whether its other garbage-truck drivers would be "similarly situated" to Mr. Cottrell. [DN 15 at 3–4].

The Supreme Court has " 'confirm[ed] the existence of the trial court's discretion' to facilitate notice of a pending collective action to potential plaintiffs." *McClurg v. Dallas Jones Enterprises Inc.*, No. 4:20-CV-00201, 2021 WL 5763563, at *3 (W.D. Ky. Dec. 3, 2021) (quoting *Hoffman-La Roche*, 493 U.S. at 170).  Although "[t]he judicial system benefits by efficient

4

resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity," those benefits "depend on employees receiving accurate and timely notice concerning the pendency of the collective action." *Hoffman-La Roche*, 493 U.S. at 170. A court-authorized notice helps expedite actions, avoid multiple lawsuits, and prevent plaintiff's counsel from misleading collective members. *Id.* at 171–72. When issuing such notices, district courts must "avoid even the appearance of judicial endorsement of the merits of the action." *Id.* at 174.

Bearing these principles in mind, Triple J advocates for a single-step determination before the Court facilitates notice to the collective, citing *Swales v. KLLM Transport Service, LLC*, 985 F.3d 430 (5th Cir. 2021). [DN 15 at 4]. According to the Fifth Circuit, "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Id.* at 441. But this Court has previously rejected *Swales*'s method in favor of the traditional two-step approach, finding the latter better implements *Hoffman-La Roche*'s guidance. *See, e.g., McClurg*, 2021 WL 5763563, at *3; *see also Back v. Ray Jones Trucking, Inc.*, No. 4:22-cv-00005-JHM, 2022 WL 2252608, at *3 (W.D. Ky. June 22, 2022) (following *McClurg*). Moreover, courts within the Sixth Circuit regularly implement the two-tiered approach. See *McClurg*, 2021 WL 5763563, at *3 (collecting district court cases).

This Court still favors the traditional two-step certification approach. In its recent opinions in *McClurg* and *Back*, the Court considered that the employer—not the potential plaintiffs—possessed the relevant government forms, haul records, and employee timekeeping records. *Id.*; *Back*, 2022 WL 2252608, at *3. Furthermore, the Court contrasted the "significant discovery before the conditional certification motion" that had occurred in *Swales* with the fact that a scheduling order had not yet been entered. *Id.* Those factors apply equally here.

B. *Conditional Certification*

Mr. Cottrell seeks conditional certification so he may send notice to "[a]ll persons who were employed as a garbage truck driver by [Triple J] and were not paid overtime compensation for work performed in excess of forty hours in one or more workweeks since [Date three years prior to date notice issued] (including both current and former employees)." [DN 13-1 at 1]. To succeed, he must prove his "position is similar, not identical, to the positions held by the putative class members." *Comer*, 454 F.3d at 546–47. Plaintiffs are similarly situated if they "suffer from a single, FLSA-violating policy, and when proof of that policy . . . proves a violation as to all the plaintiffs," or when their claims are "unified by common theories of defendants' statutory violations." *O'Brien*, 575 F.3d at 585. At the conditional certification stage, however, "a court 'does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility.' " *York*, 524 F. Supp. 3d at 685 (quoting *Myers v. Marietta Mem'l Hosp.*, 201 F. Supp. 3d 884, 890 (S.D. Ohio 2016)).

The primary dispute in this case is whether the FLSA's Motor Carrier's Act ("MCA") exemption applies to Mr. Cottrell and other Triple J garbage-truck drivers. That exemption states the FLSA shall not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49[.]" 29 U.S.C. § 213(b)(1). The Sixth Circuit has explained "[t]he MCA . . . gives the Secretary of Transportation 'the authority to regulate the hours of an employee (1) who works for a private motor carrier that provides transportation in interstate commerce and (2) whose work activities affect the safety of operation of that motor carrier.' " *Vaughn v. Watkins Motor Lines, Inc.*, 291 F.3d 900, 904 (6th Cir. 2002) (quoting *Troutt v. Stavola Bros., Inc.*, 107 F.3d 1104, 1106–07 (4th Cir. 1997)); *Secretary of Labor v. Timberline S., LLC*, 925 F.3d 838,

6

849–50 (6th Cir. 2019); 29 C.F.R. § 782.2(a); 49 U.S.C. §§ 31502(b)(2), (15). Under these provisions, if the Secretary of Transportation possesses regulatory power over an employee, the Secretary of Labor lacks jurisdiction and FLSA (and its overtime provisions) does not apply. *See Barlow v. Logos Logistics, Inc.* 34 F. Supp. 3d 686, 690 (E.D. Mich. 2014).

Mr. Cottrell alleges Triple J maintained the same policy as the employers in *McClurg* and *Back*: denying overtime pay to truck drivers who worked over forty hours per week on the grounds they fall under the MCA exemption to the FLSA. [DN 13 at 2]; *see McClurg*, 2021 WL 5763563, at *5; *Back*, 2022 WL 2252608, at *4. To support this contention, Mr. Cottrell supplies almost identical evidence as the plaintiffs in our prior cases. He declares that he and other Triple J garbage-truck drivers only transported materials "originating in Kentucky and bound for an ultimate destination in Kentucky," and their pay did not change if they worked over forty hours in a given week. [DN 13-3 at ¶¶ 4–5, 13–14]; *see McClurg*, 2021 WL 5763563, at *5; *Back*, 2022 WL 2252608, at *4. And while some of Triple J's business involved interstate commerce, Triple J does not dispute Mr. Cottrell's contention that its garbage-truck drivers exclusively operated in Kentucky. [*See* DN 15-1 at ¶ 4; DN 17 at 3].

Given that this case involves similar employment policies and evidence as *McClurg* and *Back*, the Court finds that Mr. Cottrell has made a "modest factual showing" that the other garbage-truck drivers are similarly situated in that: (1) Triple J employed them on a purely intrastate basis; (2) many drivers—like Mr. Cottrell—worked in excess of forty hours a week; (3) Triple J did not pay them overtime wages. *Comer*, 454 F.3d at 546–47. Triple J argues that a single affidavit is an insufficient factual showing and that "Mr. Cottrell does not demonstrate any personal knowledge of the routes or destinations of the loads hauled by the purported class members." [DN 15 at 4]. But there is no rule requiring specific types of evidence or multiple declarations for

conditional certification. *See Harrington v. Education Mgmt. Corp.*, No. 02 Civ. 0787 (HB), 2002 WL 1009463, at *2 (S.D.N.Y. May 17, 2002) (affidavit of named plaintiff sufficient). And the Court thinks Mr. Cottrell's affidavit *does* demonstrate personal knowledge. He affirms that he knew that the other garbage-truck drivers worked the same shifts he did and that he observed them driving purely through Kentucky and taking all their garbage to the White Plains landfill. [DN 13-3 at ¶¶ 12–13]. Combined with the information he says the other drivers relayed to him, Mr. Cottrell has made the "modest factual showing" required. [*Id.*]; *Comer*, 454 F.3d at 546.

Triple J also opposes conditional certification on the grounds that Mr. Cottrell has not identified a numerous class. [DN 15 at 5]. Triple J's counsel made this exact same argument in *Back* and, yet again, it is misplaced. "In an FLSA § 216(b) collective action, 'the requirements of Rule 23 do not apply and no showing of numerosity, commonality, typicality, and adequacy of representation need to be made.'" *Campbell v. Middle Ky. Cmty. Action P'ship, Inc.*, 540 F. Supp. 3d 717, 721 n.6 (E.D. Ky. 2021) (quoting *Vengurlekar v. Silverline Tech., Ltd.*, 220 F.R.D. 222, 229 (S.D.N.Y. 2003)). "[I]n the Sixth Circuit there is no controlling precedent requiring plaintiffs to show sufficient interest among members of the putative class in joining the litigation." *Loomis v. Unum Grp. Corp.*, No. 1:20-CV-251, 2021 WL 1928545, at *7 (E.D. Tenn. May 13, 2021). The low number of plaintiffs that have so far consented to join the suit or could conceivably join it in the coming months is simply not relevant here.

C. *Content of the Notice and Consent Forms*

"After determining that conditional certification is warranted, the Court must address the substance of the notice to be sent to similarly situated employees." *Marcum*, 2020 WL 6887930, at *4. The Court serves an oversight role to ensure notice is "timely, accurate, and informative," but must "take care to avoid even the appearance of judicial endorsement of the merits." *Hoffman-*

*La Roche*, 493 U.S. at 172, 174. "The purpose of notice is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit." *Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213, 220 (E.D. Mich. 2010).

Mr. Cottrell tendered a proposed notice and consent form to the Court. [DN 13-1]; [DN 13-2]. Except for case-specific details, these documents mirror the ones this Court approved in *McClurg* and *Back. See McClurg*, 2021 WL 5763563, at *12–14. Because Triple J does not object to the forms' proposed language, the Court approves them in full.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. Mr. Cottrell's motion for conditional certification, [DN 13], is **GRANTED**.

2. Triple J's motion for expedited discovery, [DN 15], is **DENIED**.

3. The Court directs the Defendants to deliver to Mr. Cottrell by email, within ten (10) days of this Order, a spreadsheet in Microsoft Excel format containing the following information for all potential FLSA collective members: (a) last name, (b) first name, (c) last known email address, and (d) last known mailing address.

4. Within ten (10) days of Mr. Cottrell's receipt of the information from the Defendants, Mr. Cottrell shall disseminate the approved notice and consent form documents to all putative members of the collective via United States mail and email. The Court approves the use of Mr. Cottrell's proposed Notice of Collective Action Lawsuit [DN 13-1] and Consent to Become Party Plaintiff [DN 13-2] forms. Mr. Cottrell shall insert the applicable dates, as contemplated in the sections indicated by brackets in the approved form. Mr. Cottrell shall concurrently send a copy of the Notice to Defendants.

5.  The Notice shall be sent by Mr. Cottrell's counsel by first class non-certified United States mail and by email to the employees' last known email address, if provided by Defendants. The mailing containing the Notice shall also contain a copy of the Consent Form.

6.  The email shall be from Plaintiff's counsel's email address and shall have the title "Court Approved Notice in *Jimmy Cottrell v. Triple J Trucking, Inc.*"  The email shall state the employee's name (e.g., "Mr. Smith:"), and shall then state "Attached to this email is a Notice which has been approved by the United States District Court for the Western District of Kentucky and which is being sent to you as a current or former employee of Triple J Trucking, Inc. Please review the attached Notice." This language shall be followed by Plaintiff's counsel's email signature block, which shall be as follows:

    Mark N. Foster
    Law Office of Mark N. Foster, PLLC
    P.O. Box 869
    Madisonville, KY 42431
    (270) 213-1303
    MFoster@MarkNFoster.com

    The email shall attach a PDF format copy of the Notice (the title of the PDF document shall be "Court Approved Notice") and shall also separately attach a PDF copy of the Consent Form (the title of the PDF document shall be "Consent Form").

7.  Within two (2) business days of the sending of the Notice, Defendant shall post the as-sent version of the Notice at conspicuous-to-truck-driver-employee locations at all facilities operated by Defendant, including the facility at 3296 State Route 181 S, Greenville, Kentucky 42345.  Defendant shall keep the Notice so posted until the end of the day on the day 60 days following the sending of the notice.

8. If the United States Postal Service returns notices to Mr. Cottrell's counsel indicating that the United States Postal Service cannot deliver the mailing, as addressed, and Mr. Cottrell's counsel has not received email communication from the employee in response to any email sent to the employee, the following shall occur:

(a) Mr. Cottrell's counsel shall within three days inform the Defendants by email that the mailing has been returned. The Defendants shall then review its information for the employee at issue and the Defendants' counsel shall then, within three days of Mr. Cottrell's email, notify Mr. Cottrell's counsel of any other address or addresses that the Defendants have for the person in question or notify Mr. Cottrell's counsel that the address previously provided is the only address Defendants have for the person in question. Mr. Cottrell's counsel shall, if the Defendants identify one or more address for the person in question, re-send the Notice to said new address within three days of receiving the new address from the Defendants and shall inform the Defendants' counsel by email within three days of such re-sending that Mr. Cottrell's counsel has done so.

(b) If the notation from the United States Postal Service indicates another address which may be used to send mail to the person in question, Mr. Cottrell shall re-send the notice to said address within three days of receiving the mailing Mr. Cottrell from the United States Postal Service and shall inform the Defendants' counsel that by email within three days of such re-sending that Mr. Cottrell's counsel has done so.

(c) If the Defendants state that the Defendants have no other address for the person in question and the notification from the United States Postal Service does not include any other address which may be used to send mail to the person in question, Mr. Cottrell may, within ten days of receiving such mailing Mr. Cottrell from the United States Postal

11

Service, resend the mailing to such additional address as Mr. Cottrell is able to determine utilizing internet searching and/or person location information services, and shall inform the Defendants' counsel by email within three days of such re-sending that Mr. Cottrell's counsel has done so.

(d) In the event that the initial mailing and a subsequent mailing are returned with respect to a particular person, Mr. Cottrell's counsel and the Defendants' counsel shall confer in good faith to determine whether there are other possible and reasonable methods for Mr. Cottrell to provide the Notice to such individuals and, if so, utilize such methods. If the parties, after conferring, cannot agree on whether a particular method should be used, either party may file a motion relating to the disputed issue.

9.  Mr. Cottrell shall file all Consent Forms received from members of the conditionally certified collective promptly upon receipt by Mr. Cottrell's counsel, and, in any event, within five days of receipt.

_Joseph H. McKinley_

Joseph H. McKinley Jr., Senior Judge
United States District Court

May 1, 2023

cc:     Counsel of Record

12