UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| JIMMY COTTRELL, DAVID MEFFORD and SHAWN SIMMONS | Plaintiffs |
| v. | Case No. 4:23-cv-13-RGJ-HBB |
| TRIPLE J TRUCKING, INC., *et al.* | Defendants |

\* \* \* \* \*

### MEMORANDUM OPINION & ORDER

Plaintiff Shawn Simmons ("Simmons") objects [DE 48] to the Magistrate Judge's findings of fact, conclusions of law, and recommendation [DE 47] regarding the parties' cross-motions to enforce a settlement agreement [DE 36; DE 39]. The time for defendants Triple J Trucking, Inc., Teresa Jones, Grant Jones, and Steven Jones (collectively "Triple J Trucking") to respond to Simmons's objections has expired. *See* Fed. R. Civ. P. 72(b)(2).

For the following reasons, Simmons's objections [DE 48] are **OVERRULED**, and the Court **ACCEPTS** the Magistrate Judge's recommended disposition [DE 47]. Triple J Trucking's motion to enforce the parties' settlement agreement [DE 36] is **GRANTED IN PART** and **DENIED IN PART**. Simmons's cross-motion to enforce [DE 39] is **DENIED**. Additionally, the parties' joint motion for leave to file under seal [DE 37] is **DENIED as moot**. Simmons's three motions to supplement the record [DE 42; DE 49; DE 51] are **GRANTED**. The parties **SHALL** finalize their settlement and tender an agreed order of dismissal in the time permitted below.

### I. BACKGROUND

This case is a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. [DE 23]. Simmons opted into the case in May 2023. [DE 20]. In the amended complaint,

Simmons and two other plaintiffs allege that Triple J Trucking misapplied an FLSA exemption and thereby failed to provide drivers with overtime pay. [DE 23 at 181–88].

The parties principally settled this case in May 2024 during a settlement conference with the Magistrate Judge. [DE 34]. The settlement memorandum, prepared by the Magistrate Judge and signed by the parties, included the following confidentiality provision:

> The terms of the settlement are confidential and shall not be disclosed by any of the parties. Penalty for violation of confidentiality shall be forfeiture and reimbursement by the Plaintiffs and double-payment of the settlement amount by the Defendants.

[DE 36-1]. The memorandum also provided that Triple J Trucking would prepare a comprehensive settlement agreement and release of claims for the parties' execution. [*Id.*]. After the Magistrate Judge reported that the settlement conference was successful [DE 34], this Court dismissed the case without prejudice, struck it from the active docket, and instructed the parties to tender an agreed order dismissing the case with prejudice [DE 35].

The day after the settlement conference, Simmons texted a coworker, among other things, "I just culdbt pass it up guramted $$ good $ hell yea didnt cost me nuttn all profit" and "Lil over 17." [DE 36-2]. Triple J Trucking moved to enforce the parties' settlement, arguing that Simmons had "willfully breached" the settlement memorandum's confidentiality provision and forfeited his settlement proceeds. [DE 36 at 236, 238]. The motion asks the Court to compel Simmons to execute a comprehensive settlement agreement and release of claims reflecting that forfeiture. [*Id.*]. Simmons admits that the texts are genuine. [DE 38-1 at 277]. But he argues he should not have to forfeit his settlement proceeds for several reasons. [DE 38 at 260–73]. He has also filed a cross-motion asking the Court to compel Triple J Trucking to dispense the settlement funds. [DE 39]. That cross-motion and Simmons's accompanying reply [DE 45] merely incorporate the

arguments in his initial response brief. Triple J Trucking's response brief similarly incorporates its other arguments. [DE 44].

This Court referred the parties' cross-motions to the Magistrate Judge for report and recommendation. [DE 46]. The Magistrate Judge entered detailed findings of fact and conclusions of law. [DE 47]. Specifically, the Magistrate Judge has determined that (1) Triple J Trucking did not breach the parties' agreement first; (2) Simmons breached confidentiality; (3) forfeiture of Simmons's settlement proceeds is not an unenforceable penalty; (4) Triple J Trucking is not required to show actual damages; (5) FLSA does not prohibit confidentiality in settlement; (6) Simmons only agreed to release claims which arose before the settlement conference, not the parties' later execution of a comprehensive settlement agreement; and (7) there is no need for an evidentiary hearing. [*Id.* at 374–88]. Accordingly, the Magistrate Judge recommends granting Triple J Trucking's motion in large part and denying Simmons's cross-motion. [DE 47 at 388].

## II. STANDARD

A district judge may refer a dispositive motion to a magistrate judge for initial consideration. 28 U.S.C. § 636(b)(1)(B); *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *Massey v. City of Ferndale*, 7 F.3d 506, 508–09 (6th Cir. 1993). After referral, the magistrate judge will conduct any necessary proceedings, propose findings of fact, and recommend a disposition for the motion. *See* Fed. R. Civ. P. 72(b)(1); *Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001); *see also Massey*, 7 F.3d at 509. Parties "may serve and file specific written objections" to the magistrate judge's findings and recommendations within 14 days. Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). Unlike with a magistrate judge's nondispositive order, *see* LR 72.2, parties also may respond to other parties' objections, Fed. R. Civ. P. 72(b)(2).

A parties' objections should "enable[] the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *Thomas*, 474 U.S. at 147; *see also*

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections . . . is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380). Furthermore, the Court may deem waived any issue raised for the first time in a party's objection. *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)); *see also AES-Apex Emp. Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019).

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1)(C). Redetermination of unchallenged findings and conclusions is possible but not required. *Thomas*, 474 U.S. at 150; *see also Vogel*, 258 F.3d at 515 (citing *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Vogel*, 258 F.3d at 517–18.

### III. ANALYSIS

Simmons objects to the Magistrate Judge's findings, conclusions, and recommendation. [DE 48]. Triple J Trucking has neither filed objections nor responded to Simmons's objections. *See* Fed. R. Civ. P. 72(b)(2). A joint motion for leave to file under seal [DE 37] and Simmons's three motions to supplement the record [DE 42; DE 49; DE 51] are also pending.

#### A. Simmons's Breach of Confidentiality

The Magistrate Judge "conclude[d] that, by making a representation of an amount he received in settlement, Simmons engaged in a material breach of the confidentiality agreement." [DE 47 at 379]. Simmons maintains that his texts did not breach confidentiality. [DE 38 at 263–65]. He argues that he did not disclose the settlement amount and, even if he did, that his texts

4

were communications with an agent of Triple J Trucking—not disclosures to a nonparty. [DE 48 at 396–97, 399–400].

### 1. *Representation of the Settlement Amount*

Simmons texted his coworker "just culdbt pass it up guramted $$ good $ hell yea didnt cost me nuttn all profit" and "Lil over 17," among other things. [DE 36-2]. He argues that by texting an "incorrect" settlement figure, he avoided disclosing anything that was confidential. [DE 38 at 265; *see also* DE 38-1 at 277]. Triple J Trucking argues that Simmons contravened "the purpose of the confidentiality agreement and the expectation of the parties" by exaggerating and bragging about the settlement's terms. [DE 36 at 236–37]. The Magistrate Judge agreed with Triple J Trucking: "reading the agreement so narrowly that Simmons could claim to have received any amount in settlement with impunity, as long as it was not the true amount, would frustrate the purpose of the contract to maintain confidence." [DE 47 at 379]. On this basis, the Magistrate Judge concluded that Simmons breached the parties' agreement. [*Id.*].

"Settlement agreements are a type of contract and therefore are governed by contract law." *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 105 (Ky. 2003) (cleaned up). Analysis "must begin with an examination of the plain language of the instrument." *Kentucky Shakespeare Festival, Inc. v. Dunaway*, 490 S.W.3d 691, 694 (Ky. 2016); *see also Wild Eggs Holdings, Inc. v. State Auto Prop. & Cas. Ins.*, 560 F. Supp. 3d 1049, 1054 (W.D. Ky. 2021), *aff'd,* 48 F.4th 645 (6th Cir. 2022). If unambiguous, the contract "will be enforced strictly according to its terms." *Kentucky Shakespeare Festival*, 490 S.W.3d at 694; *see also Wild Eggs Holdings*, 560 F. Supp. 3d at 1054. "The fact that one party may have intended different results is insufficient to interpret a contract at variance with its plain and unambiguous terms." *AnyConnect US, LLC v. Williamsburg Place, LLC*, 636 S.W.3d 556, 562 (Ky. App. 2021); *see also Wells Grp., LLC v. Bishop*, 644 S.W.3d 523, 526–27 (Ky. App. 2022).

The settlement memorandum provided that its "terms . . . are confidential and shall not be disclosed." [DE 36-1]. Simmons faults the Magistrate Judge for not performing "ambiguity analysis." [DE 48 at 399]. However, in their initial motion papers, neither Simmons nor Triple J Trucking addressed whether the confidentiality provision was ambiguous. [*See* DE 38 at 263–65; DE 36 at 237–38]. In his response brief, Simmons relied on the purportedly "incorrect" nature of his texts. [DE 38 at 264–65]. Because Simmons's ambiguity argument was not presented to the Magistrate Judge, it has been forfeited. *See Morgan*, 67 F.4th at 367.

Furthermore, the parties' agreement was clear. As Triple J Trucking notes, where a plaintiff makes public claims about a settlement's value, those claims can injure the settling defendant's reputation; violate its privacy; and encourage similar litigation. [DE 36 at 237]. The potential harm does not hinge on the public claims' accuracy—if anything, risks are *greater* where such claims are inflated. Here, no reasonable person could read the settlement memorandum as prohibiting Simmons from disclosing a precise dollar figure but permitting him to misrepresent that figure by any degree at his whim. *See Barber v. Arch Ins. Co.*, 494 F. Supp. 3d 450, 457 (W.D. Ky. 2020), *aff'd,* 852 F. App'x 210 (6th Cir. 2021) (quoting *Cantrell Supply, Inc. v. Liberty Mut. Ins.*, 94 S.W.3d 381, 385 (Ky. App. 2002)). The Magistrate Judge correctly concluded that the parties' agreement prohibited Simmons from making any public representation of the settlement payment. [DE 47 at 379]. Simmons's texts breached confidentiality.

### 2. *Agency Defense Regarding Disclosure*

Simmons also claims that nothing was disclosed to any nonparty because, according to Simmons, his coworker "was communicating . . . *as an agent of*" Triple J Trucking. [DE 48 at 396 (emphasis in original)]. Simmons asserts that this issue was raised in his response brief but overlooked by the Magistrate Judge. [*Id.* at 397]. Perhaps the Magistrate Judge did not address this agency theory because Simmons presented no such affirmative argument; he simply accused

6

Triple J Trucking of "failing to address . . . the capacity in which" the coworker "was acting." [DE 38 at 264]. Simmons's agency argument was not adequately presented to the Magistrate Judge and, therefore, has been forfeited. *See Morgan*, 67 F.4th at 367.

Furthermore, even if not forfeited, Simmons only speculates that his coworker acted as Triple J Trucking's agent. [*See* DE 48 at 396–97]. Simmons's own declaration does not assert, for example, that the coworker was his supervisor or texted him at Triple J Trucking's direction. [*See* DE 38-1 at 277]. "[T]he burden of proving agency is on the party alleging its existence." *Thomas v. Hodge*, 897 F. Supp. 980, 982–83 (W.D. Ky. 1995) (citing *Wright v. Sullivan Payne Co.*, 839 S.W.2d 250, 253 (Ky. 1992)); *see also Sneed v. Univ. of Louisville Hosp.*, 600 S.W.3d 221, 232 (Ky. 2020). Simmons has failed to carry that burden here. His principal–agent theory does not excuse his breach of confidentiality.

### B. Simmons's Prior-Breach Defense

Kentucky law recognizes what is sometimes called the first-to-breach or prior-breach rule. *See House v. Players' Dugout, Inc.*, 440 F. Supp. 3d 673, 682 (W.D. Ky. 2020) (quoting *Dalton v. Mullins*, 293 S.W.2d 470, 476 (Ky. 1956)). "A party who commits the first breach of a contract is deprived of the right to complain of a subsequent breach by the other party." *Fay E. Sams Money Purchase Pension Plan v. Jansen*, 3 S.W.3d 753, 759 (Ky. App. 1999) (citing *W. Ky. Coal Co. v. Nourse*, 320 S.W.2d 311, 315 (Ky. 1959)). Simmons invokes this defense here. He accuses Triple J Trucking of retaliating against him just hours after the settlement conference, specifically by "putting him off work" the next day. [DE 38 at 260]. According to Simmons, that retaliation breached "the duty of good faith and fair dealing" one day before he breached the confidentiality provision. [*Id.* at 263]. Simmons's allegations of employment retaliation are also raised in a new lawsuit pending before this Court. *See Simmons v. Triple J Trucking, Inc.*, No. 4:24-cv-61-RGJ-HBB (W.D. Ky. Jun. 19, 2024) at DE 1.

7

The Magistrate Judge concluded that the settlement memorandum contained no anti-retaliation provision, whether express or implied, for Triple J Trucking to breach. [DE 47 at 376]. In other words, assuming for the sake of argument that Triple J Trucking retaliated against Simmons, that "would not constitute a breach of a term of the settlement agreement." [*Id.*]. Indisputably, there was no express anti-retaliation provision. [*See* DE 36-1]. But in his objections, Simmons maintains his argument that the "duty of good faith and fair dealing" imposed an obligation for Triple J Trucking not to commit employment retaliation. [DE 48 at 392].

"[C]ontracts impose on the parties thereto a duty to do everything necessary to carry them out." *Farmers Bank and Trust Co. of Georgetown, Kentucky v. Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005). The implied covenant of good faith and fair dealing secures "the benefit of the bargain *originally intended*." *PBI Bank, Inc. v. Signature Point Condominiums LLC*, 535 S.W.3d 700, 718 (Ky. App. 2016) (quoting 23 *Williston on Contracts* § 63:22 (4th ed. 2004)) (emphasis added); *see also KSA Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 461 (6th Cir. 2019). It does not secure the benefit of whatever additional terms a party might desire in hindsight. Here, employment retaliation is a matter beyond the parties' agreement; the implied covenant of good faith and fair dealing did not impose non-retaliation obligations for Triple J Trucking. Simmons posits that "the parties here could have engaged in productive discussions" about his employment status. [DE 48 at 394]. His opportunity to demand such terms was the settlement conference with the Magistrate Judge.

Simmons also now argues that non-retaliation "is a customary term of FLSA settlements" and, despite not being included in the settlement conference's memorandum, should be included in the parties' comprehensive settlement agreement. [DE 48 at 393, 395]. This argument was not

8

presented to the Magistrate Judge in Simmons's initial motion papers. [*See* DE 38 at 260–63]. Therefore, it has been forfeited. *See Morgan*, 67 F.4th at 367.

Simmons's prior-breach argument falters for an additional reason. A party raising this defense has two options: (1) "allege a total breach, terminate the contract and bring an action" or (2) "keep the contract in force, declare the default only a partial breach and sue to recover those damages caused by that partial breach." *Marley Cooling Tower Co. v. Caldwell Energy & Env't, Inc.*, 280 F. Supp. 2d 651, 657 (W.D. Ky. 2003) (citing 13 *Williston on Contracts* § 39:32 (4th ed. 2000)). Simmons cannot declare his confidentiality obligations extinguished while insisting—under the same agreement—that Triple J Trucking pay the settlement proceeds. *See id.*; *see also Pace v. Burke*, 150 S.W.3d 62, 66 (Ky. App. 2004) ("[A]s a general rule, one party's total failure to perform his obligations under a contract justifies the non-breaching party in treating the contract as abandoned and suspending his own performance.").

In short, any unlawful retaliation by Triple J Trucking did not breach any term, whether express or implied, of the parties' agreement. The question of whether Triple J Trucking retaliated against Simmons is immaterial here. Because Triple J Trucking did not breach the settlement memorandum first, Simmons, is responsible for his violation of confidentiality.

### C. Enforceability of Liquidated Damages

The parties appear to agree that the consequences outlined in their agreement constitute liquidated damages. [DE 38 at 265; DE 41 at 304]. Simmons argues that those liquidated damages are actually an unenforceable penalty under Kentucky law. [DE 38 at 265].

A liquidated damages provision will be enforced if it is reasonable. *Granite State Ins. v. Star Mine Servs.*, 29 F. 4th 317, 323–24 (6th Cir. 2022); *see also* Restatement (Second) of Contracts § 356(1) (1981), *adopted in Mattingly Bridge Co. v. Holloway & Son Const. Co.*, 694 S.W.2d 702, 704–05 (Ky. 1985). Such a provision is reasonable if, when the contract is executed,

9

(1) "damages may be uncertain in character or amount, or difficult to reasonably ascertain," and (2) "the amount agreed upon is not greatly disproportionate to the injury which might result." *Am. Dairy Queen Corp. v. Fortune St. Rsch. & Writing Inc.*, 753 F. Supp. 2d 675, 681 (W.D. Ky. 2010) (quoting *United Serv. Auto. Assoc. v. ADT Sec. Serv., Inc.*, 241 S.W.3d 335, 340–41 (Ky. App. 2006)).

If Triple J Trucking had breached confidentiality, it would have owed the plaintiffs "double-payment of the settlement amount." [DE 36-1]. The Magistrate Judge concluded that Simmons forfeiting "half that amount" was not "disproportionate" to Triple J Trucking's potential harm and, accordingly, found that the liquidated damages were enforceable. [DE 47 at 381]. In his objections, Simmons argues that the Magistrate Judge "focus[ed] almost exclusively" on contract formation rather than enforceability. [DE 48 at 402]. But the Magistrate Judge clearly concluded after considering Simmons's arguments that the liquidated damages provision was proportional, reasonable, and enforceable. [DE 47 at 381].

Simmons also maintains that forfeiture of his settlement proceeds must be an unenforceable "penalty" as a matter of law simply because the settlement memorandum called such forfeiture the "[p]enalty for violation of confidentiality." [DE 38 at 266; DE 48 at 402–04]. He presents no supporting caselaw, and the Court finds none. Furthermore, as the Magistrate Judge noted, since "neither party drafted the settlement memorandum . . . the use of the word 'penalty' . . . cannot be construed against or in favor of either party." [DE 47 at 380].

It is the challenging party's burden to show that a liquidated damages provision constitutes an unenforceable penalty. *C.E. Pennington Co. v. B & H Elec. Contractors, Inc.*, No. 2001-CA-001242-MR, 2005 WL 3487865, at *13 (Ky. App. Dec. 22, 2005) (citing *Uncle George Orphans Home, Inc. v. Landrum*, 551 S.W.2d 582, 584 (Ky. App. 1977)); *see also In re Yost*, 54 B.R. 818,

10

822 (Bankr. W.D. Ky. 1985). "Courts should, and do, enforce the agreement unless the proof clearly shows that according to the circumstances existing at the time of the execution the amount was grossly disproportionate to the damage which might flow from a breach." *Patel v. Tuttle Properties, LLC*, 392 S.W.3d 384, 387 (Ky. 2013) (quoting *Coca-Cola Bottling Works (Thomas), Inc. v. Hazard Coca-Cola Bottling Works, Inc.*, 450 S.W.2d 515, 519 (Ky. 1970)). In light of Triple J Trucking's potential consequence for breaching confidentiality, Simmons's forfeiture of his settlement proceeds is not "grossly disproportionate." *See Patel*, 392 S.W.3d at 387; *see also* Restatement (Second) of Contracts § 356(1) (1981). The settlement memorandum's provision of liquidated damages for breaching confidentiality is enforceable.

### D. Lawfulness of Confidentiality Provision

Simmons also suggests that the parties' agreement to maintain confidentiality is legally void. He argues that "both § 7 of the National Labor Relations Act ['NLRA'] and caselaw under the FLSA prohibit confidentiality agreements in agreements between employers and employees regarding employee wages." [DE 38 at 268–69]. Because there is no statutory provision or circuit precedent on-point, Simmons relies on public policy and district court decisions.

Regarding FLSA, the Magistrate Judge concluded "that maintaining confidentiality of the specific amount of a settlement does not offend [FLSA's] policy." [DE 47 at 386]. Simmons maintains that this District Court and others, in approving FLSA collective-action settlements, have declined parties' requests to docket their settlement agreements under seal. [DE 38 at 268–69; DE 48 at 405–07]. Undeniably, this Court and others have provided judicial approval for many FLSA collective-action settlements. But there is no clear directive to do so. *See Gilstrap v. Sushinati LLC*, 734 F. Supp. 3d 710, 715–18 (S.D. Ohio 2024); *Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635, 637–39 (W.D. Ky. 2022) (discussing 29 U.S.C. § 216). The general rule is that plaintiffs may voluntarily dismiss a civil action "without a court order" by filing "a stipulation

11

of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). That rule covers FLSA collective actions. *Gilstrap*, 734 F. Supp. 3d at 720. And of course, where parties settle privately and terminate their case by stipulation, the Court has no control over that settlement's confidentiality. *Cf. Askew*, 620 F. Supp. 3d at 643. FLSA does not require *any* filing of a collective-action settlement agreement, much less public filing, and it does not void the parties' confidentiality agreement in this case.

Simmons also faults the Magistrate Judge for not analyzing Section 7 of the NLRA. [DE 48 at 408]. But he presented no substantive NLRA argument in his initial papers. [*See* DE 38 at 268–69]. Because this argument was not adequately presented to the Magistrate Judge, it is forfeited. *See Morgan*, 67 F. 4th at 367.

### E. Findings and Conclusions Without Objection

Simmons does not object to the Magistrate Judge's conclusions that Triple J Trucking was not required to demonstrate actual damages and that there is no need for an evidentiary hearing. [*See* DE 47 at 381–82, 387–88]. Likewise, Triple J Trucking has not objected to the Magistrate Judge's finding that Simmons agreed to release any and all claims only up to the date of the settlement conference, not the parties' later execution of a comprehensive settlement agreement. [*See id.* at 386–87]. The Court adopts these conclusions and this finding without additional analysis. *See Thomas*, 474 U.S. at 150; *see also Vogel*, 258 F.3d at 515

### F. Joint Motion for Leave to File Under Seal

When Triple J Trucking moved to enforce the parties' settlement agreement, it attached a copy of the parties' settlement memorandum with each plaintiff's settlement proceeds redacted. [DE 36-1]. Soon thereafter, Simmons filed with opposing counsel's consent a "joint motion for leave to file unredacted version of settlement memorandum under seal." [DE 37]. The unredacted settlement memorandum is not attached to the motion—instead, the motion merely seeks

12

permission for Simmons to file an unredacted copy. [*Id.* at 253]. The Magistrate Judge entered his findings, conclusions, and recommendation with the parties' joint motion still pending. [DE 47]. There is no unredacted copy of the settlement memorandum in the record.

In his objections, Simmons argues that it was error for the Magistrate Judge to consider his arguments without first docketing a sealed copy of the unredacted settlement memorandum. [DE 48 at 397–99]. He asks the Court to grant the parties' joint motion for leave and consider their precise settlement figures before ruling on the cross-motions to enforce settlement. [*Id.* at 398–99]. Yet Simmons is seeking leave to file the parties' settlement memorandum under seal while also arguing that federal law prohibits confidentiality in this case. In the parties' joint motion, he does not request that the unredacted settlement memorandum ever move to the public docket. [*See* DE 37 at 253–54]. In any event, review of the unredacted settlement memorandum is not essential here. As discussed above, the Court is able to determine on the existing record both whether Simmons's texts breached the settlement memorandum and whether the liquidated damages provision is enforceable. The Sixth Circuit has long recognized a "strong presumption in favor of openness" regarding court records. *Rudd Equipment Co. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)); *see also* LR 5.6(a). The parties' joint motion for leave to file under seal is denied as moot.

### G. Simmons's Motions to Supplement

Simmons has filed three motions to supplement the record. The first motion attaches Triple J Trucking's answer to the complaint in Case No. 4:24-cv-61-RGJ-HBB. [DE 42]. The second motion attaches two new declarations—one executed by a nonparty, the other by Simmons—and written discovery responses from Triple J Trucking in that case. [DE 49]. The third motion attaches more written discovery responses from Triple J Trucking in that case. [DE 51]. Triple J Trucking

13

has responded to only one of the motions. [DE 52]. As Simmons notes in his reply, that response does not address whether the record should be supplemented. [DE 53 at 569]. Simmons also filed a reply in support of a motion to which Triple J Trucking never responded. [DE 50]. In this district, a party may reply after "service of the response." LR 7.1(c). Since there was nothing to reply to, Simmons's reply brief [DE 50] was improper. Because Simmons's motions to supplement are unopposed, they are granted. However, as discussed above, Simmons's claims of employment retaliation are immaterial to the issues before the Court in this case.

## IV. CONCLUSION

For all these reasons, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

- Simmons's objections [DE 48] are **OVERRULED**. The Court **ACCEPTS** the Magistrate Judge's recommended disposition [DE 47]. Triple J Trucking's motion to enforce the parties' settlement agreement [DE 36] is **GRANTED IN PART** and **DENIED IN PART**. Simmons's cross-motion to enforce [DE 39] is **DENIED**.

- The parties' joint motion for leave to file under seal [DE 37] is **DENIED as moot**.

- Simmons's three motions to supplement [DE 42; DE 49; DE 51] are **GRANTED**.

- Simmons and Triple J Trucking **SHALL** execute a comprehensive settlement agreement and release of claims in accordance with this opinion, and all parties **SHALL** tender an agreed order dismissing this case with prejudice, by **Friday, February 28, 2025**.

January 24, 2025

Rebecca Grady Jennings, District Judge
United States District Court

14